UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEREK WILLIAMS,

                      Plaintiff,

v.                                                          9:11-CV-0029
                                                                   (GTS/RFT)

A. ROBERTS, Deputy Superintendent of Admin.,
Washington C.F.; J. JOHNSON, Corr. Officer;
Washington C.F.; M YAW, Corr. Officer,
Washington C.F. a/k/a M. Yahw; LT. EDWARDS,
Washington C.F.; and YAKI, Iman, Washington C.F.,

                      Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

DEREK WILLIAMS
  Plaintiff, *Pro Se*
165 Weyl Street, Apt. 1
Rochester, New York 14621

HON. ERIC T. SCHNEIDERMAN                    CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Derek Williams ("Plaintiff") against the above-named Defendants ("Defendants"), are the following: Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted, and Plaintiff's Objections to Magistrate Judge Treece's Report-Recommendation. (Dkt. Nos. 11, 18,

19.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion to dismiss is granted; and Plaintiff's Complaint is dismissed.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Complaint

On January 8, 2011, Plaintiff filed his Complaint in this action. (Dkt. No. 1.)[1] Generally, construed with the utmost of liberality, Plaintiff's Complaint asserts the following six claims: (1) Defendants Johnson and Yaw wrongfully enforced the prison's count procedures so as to interfere with Plaintiff's engaging in Islamic prayer in his cell on or before October 23, 2007, and November 6, 2007, in violation of the First Amendment; (2) Defendants Johnson and Yaw filed false misbehavior reports against Plaintiff on October 23, 2007, and November 6, 2007, in retaliation against him for filing a grievance on October 22, 2007, regarding the first above-described interference, in violation of the First and Fourteenth Amendments; (3) Defendant Roberts wrongfully affirmed Defendant Edwards' wrongful disciplinary hearing conviction of Plaintiff with regard to the first above-described false misbehavior report, on October 31, 2007, causing Plaintiff to experience three days of pre-hearing confinement and 30 days of confinement under Keeplock Status, in violation of the Eighth and Fourteenth Amendments; (4) Defendant Edwards denied Plaintiff his due process rights during each of his two disciplinary hearings on October 25, 2007, and November 14, 2007, causing Plaintiff to experience (a) three days of pre-hearing confinement and 30 days of confinement under

---

[1] Under the "prison mailbox rule," the date of filing of a *pro se* prisoner civil rights action is deemed to be the date that the prisoner-plaintiff is presumed to have handed his complaint to a prison guard for mailing, which is the last date appearing on the face of the plaintiff's complaint. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n. 3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted]. Here, the last date appearing in Plaintiff's Complaint was dated January 8, 2011. (Dkt. No. 1, at 26.)

Keeplock Status (resulting from the first disciplinary hearing), and (b) eight days of confinement under Keeplock Status (resulting from the second disciplinary hearing), in violation of the Fourteenth Amendment; (5) Defendant Yaki wrongfully advised Defendant Roberts and the Washington C.F. Superintendent, at some point between October 25, 2007, and November 15, 2007, that Plaintiff was not obligated to pray during count times, in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and (6) all of the other Defendants violated Plaintiff's rights under RLUIPA as well, through their above-described acts.  (*Id*. at ¶¶ 4, 6, 7 & Exhibits.)

For a more detailed recitation of Plaintiff's claims and supporting factual allegations, the Court refers the reader to the Complaint in its entirety and to Magistrate Judge Treece's Report-Recommendation, which accurately summarizes those factual allegations.  (Dkt. Nos. 1, 18.)

**B.     Defendants' Motion to Dismiss**

On June 21, 2011, Defendants filed a motion to dismiss.  (Dkt. No. 11.)  Generally, on support of their motion, Defendants assert the following three arguments: (1) Plaintiff's due process claims are barred by the three-year statute of limitations governing such claims; (2) Plaintiff's monetary claims under RLIUPA are barred by the Eleventh Amendment given the capacity in which Defendants were allegedly acting during the times in question, and his injunctive claims under RLUIPA are moot given his release from prison; (3) based on the factual allegations of Plaintiff's Complaint, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity with respect to Plaintiff's First Amendment and RLUIPA claims.  (Dkt. No. 11, Attach. 1, at 4-10.)

### C. Magistrate Judge Treece's Report-Recommendation

On December 15, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending Plaintiff's Complaint be dismissed for the following reasons: (1) Plaintiff's due process claims under the Fourteenth Amendment are barred by the applicable three-year statute of limitations; (2) Plaintiff's monetary claims under RLUIPA are barred by the Eleventh Amendment, and his injunctive claims under RLUIPA are moot, given that he was released on parole in November 2011; (3) in the alternative, based on the factual allegations of Plaintiff's Complaint, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity with respect to Plaintiff's claims under the First Amendment; and (4) Plaintiff has failed to allege facts plausibly suggesting a claim under either the Eighth or Eleventh Amendments. (Dkt. No. 18, at Part II.B.)

### D. Plaintiff's Objection to the Report-Recommendation

The last paragraph of Magistrate Judge Treece's Report-Recommendation specifically advised Plaintiff of the deadline for filing written objections to the Report-Recommendation, and the consequences of failing to do so. (Dkt. No. 18, at 17.) Moreover, page 31 of the District's *Pro Se* Handbook and Local Rule 72.1(c) of the Local Rules of Practice for this Court (copies of which was available to Plaintiff at his prison law library during the time in question) repeated this information.

Nonetheless, Plaintiff elected not to file an Objection to the Report-Recommendation. Instead, on January 12, 2012, Plaintiff filed a documented addressed to the Second Circuit and entitled "Notice of Motion for Appeal." (Dkt. No. 19.) Because this document contains challenges to the Magistrate Judge Treece's Report-Recommendation, the Court will liberally

construe it as effectively constituting an Objection to that Report-Recommendation.[2]

Liberally construed, Plaintiff's Objection presents the following three arguments: (1) Plaintiff has stated viable First and Eighth Amendment claims; (2) Plaintiff's due process claims and RLUIPA claims are not time-barred; and (3) qualified immunity does not apply to employees of a governmental agency when the issue involves basic constitutional rights. (Dkt. No. 19.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[2] The Court notes that Plaintiff's appeal does not deprive the Court of jurisdiction, under the circumstances, given that it is an untimely and manifestly defective appeal from a non-appealable order. *Nat'l Council of La Raza v. Dep't of Justice*, 345 F. Supp.2d 412, 413 (S.D.N.Y.2004), *aff'd*, 411 F.3d 350 (2d Cir. 2005); *cf. Doggett v. Douglas*, 95-CV-0013, 1997 WL 642431, at *5 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.) ("The plaintiff improperly attempted to appeal the Order and Report-Recommendation to the Second Circuit Court of Appeals. . . . The appeal was dismissed . . . because there was no final order from which to appeal."). The Court notes also that no Second Circuit case number has been issued with regard to Plaintiff's interlocutory appeal.

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing a Motion to Dismiss

Magistrate Judge Treece correctly recited the legal standard governing motions to dismiss in his Report-Recommendation and Order.  (Dkt. No. 18, at Part II.A.)   As a result, these standards are incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

The Court would add only that, given that Plaintiff is proceeding *in forma pauperis* in this prisoner civil rights action, both Magistrate Judge Treece and the undersigned possess the authority, and indeed the duty, to address the pleading sufficiency of those portions of his Complaint not specifically challenged by Defendants.  This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[7]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

**III.    ANALYSIS**

Even when construed with the utmost of special liberality, Plaintiff's Objection to Magistrate Judge Treece's Report-Recommendation raises the same arguments as did his opposition to Defendants' motion to dismiss. (*Compare* Dkt. No. 17, at 4-7 *with* Dkt. No. 19, at 4-7.) As explained above in Part II.A. of this Decision and Order, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct. Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the Report-Recommendation for the reasons stated therein.

The Court would add only the following six points. First, Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review.

Second, Plaintiff's First Amendment retaliation claims are dismissed on the alternative ground that, even when construed with the utmost special liberality, Plaintiff's Complaint fails to allege facts plausibly suggesting there was a causal connection between the protected speech and

the adverse action–in other words, that the protected conduct was a "substantial or motivating factor" in Defendants Johnson and Yaw's decisions to file misbehavior reports against Plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]). It is important to note that adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) [citations omitted]. Here, Plaintiff has failed to allege facts plausibly suggesting that Defendant Johnson even knew about his grievance of October 22, 2007, when he filed his misbehavior report of October 23, 2007, much less that Defendant Johnson would not have issued the report anyway. The same is true with respect to Defendant Yaw who was not even the subject of Plaintiff's grievance. (Dkt. No. 1, at 15.)

Third, Plaintiff's due process claims regarding the issuance of false misbehavior reports against him are dismissed on the alternative ground that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 [2d Cir. 1986]); *accord*, *Pittman v. Forte*, 01-CV-0100, 2002 WL 31309183, *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.); cf. *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) ("The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing.").

Fourth, Plaintiff's due process claims regarding his disciplinary hearings are dismissed on the alternative ground that, even when construed with the utmost special liberality, Plaintiff's Complaint fails to allege facts plausibly suggesting that, with regard to his two disciplinary hearings, he enjoyed a liberty interest protected by the Fourteenth Amendment. This is because

9

the Complaint fails to allege facts plausibly suggesting that, following those hearings, he was subjected to a "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-484 (1995).[8] Even if it had allege such facts, it does not allege facts plausibly suggesting what due process right(s) Plaintiff was denied at those disciplinary hearings. *Wolf v. McDonnell*, 418 U.S. 539, 563-570 (1974) (describing the fundamental due process rights inmates must be accorded in disciplinary hearings).

Fifth, Plaintiff's claims for injunctive relief are dismissed on the alternative ground that he has pled facts that can only be liberally construed as plausibly suggesting that those claims are barred by the doctrine of *res judicata*, given that he alleges that, on approximately September 30, 2008, he incurred the dismissal of an unsuccessful Article 78 proceeding that he had filed in New York State Court against the same defendants as in this action, arising from the same events as in this action: *Williams v. Roberts*, Index No. 2520-08 (N.Y. Sup. Ct., Albany Cnty.) (Donohue, J.). (Dkt. No. 1, at 2-4, 8.)[9]

Sixth and finally, under the circumstances, no leave to amend need be granted to Plaintiff because the numerous defects in his claims are substantive rather than merely formal, such that

---

[8] The Court notes that numerous district courts in this Circuit have issued well-reasoned decisions finding no atypical and significant hardship experienced by inmates who served sentences in Special Housing Units (the conditions in which are ordinarily more restrictive than are the conditions in keep-lock confinement) of far more than thirty (30) days. *See Darvie v. Countryman*, 08-CV-0715, 2009 WL 161219, at *8, n.1 (N.D.N.Y. Jan. 22, 2009) (Sharpe, J., adopting Report-Recommendation of Lowe, M.J.) (collecting cases).

[9] *See Davis v. Cowin*, 10-CV-0081, 2011 WL 4565858, at *5 (N.D.N.Y. Aug. 12, 2011) (Lowe, M.J.) ("[W]here the plaintiff seeks only injunctive relief in federal court, *res judicata* bars the suit because the Article 78 proceedings could have provided all of the relief sought.") (citing *Johns v. Rampe*, 333 F. App'x 644, 646 [2d Cir. 2009]), *adopted by* 2011 WL 4565793 (N.D.N.Y. Sept. 29, 2011) (Hurd, J.).

any amendment would be futile.[10]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

The Clerk of the Court is directed to enter judgment in favor of Defendants and close this case.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 7, 2012
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[10] *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").